[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM
The plaintiffs are the owners of property at the corner of Main Street and French Street in the Town of Watertown. The property contains a garage which is actively used in the maintenance of motor vehicles. Behind the structure is open land which is used for temporary storage of vehicles. On September 5, 1986 the defendant took approximately .04 acres of the land and also acquired a temporary work easement over approximately .03 acres. The work of reconstructing the highway has long since been completed and the temporary easement has terminated. The Commissioner assessed damages for the takings at Twenty-Two Thousand Eight Hundred Dollars and the plaintiffs appealed that assessment as being inadequate.
Prior to the taking, access to the rear yard was customarily made over land to the north of the garage. After the taking, that access had to be over a strip of land closer to the garage which land had a significantly steeper grade. A view of the premises revealed that the steeper grade resulted in problems with the use of the new access route, particularly in bad weather. Behind the storage area, there is a very steep incline and if a driver lost control because of the steepness of the new access route, there is a real risk of ending up at the bottom of the incline. To alleviate this risk, the plaintiffs installed a telephone pole laid flat on the ground as a barrier and also they do not permit customers to drive their vehicles on the access route but instead this is done by their employees. In the five years since the taking, there have been no accidents in the use of the new access route.
The plaintiffs' expert testified that in his opinion the severance of the .04 acres was valued at $37,000 and the temporary easement over the .03 acres had a value of $7,000. The defendant's expert agreed that the temporary easement was worth CT Page 2283 $7,000 but he valued the severance at $30,000.
The main bone of contention between the parties was whether or not the installation of the telephone pole barrier was adequate to alleviate the risk of a vehicle going over the rim and plunging down the steep bank to the rear. The plaintiffs' offered evidence that the cost of erecting a safety wall would be $25,962. They offered no architect or engineer to support their claim that such a wall would be necessary or appropriate. The Commissioner offered testimony by a licensed engineer that such a wall would constitute an overreaction and safety could be assured by the installation of Jersey blocks or a three cable quadrail at a fraction of the cost. There was no testimony as to the cost of such alternatives. Based particularly on the view of the premises and my knowledge of what measures the Department of Transportation does take to safeguard cars going down an embankment, I agree with the State that the proposed wall would be an unnecessary overreaction.
One additional item. Because of the relocation of the access route to the rear yard, the plaintiffs had the new route paved at a cost of $855. Based on the view, I conclude that such expenditure was reasonable and was made necessary by the severances of the .04 acres.
The plaintiffs' appraiser presented a bill for services of $4,000. A fee for an appraiser may be allowed when a reassessment of damages results in a higher figure than the State had originally awarded, but such fee must be reasonable. Based upon that appraiser's testimony as to what he did and his report which was admitted as an exhibit, I conclude that it does exceed the necessarily shadowy limits of reasonableness.
There remains the question of interest on the increase in the award. I note that just over four and one-half years have elapsed since the taking. Part of the delay is not the fault of the plaintiffs for the matter was referred to a referee in October, 1987 and due to unavailability of the referee and his ultimate retirement, the reference was not revoked until August, 1989. It was reassigned to another referee in October, 1989. It was dismissed in December, 1989 and again in December, 1990 for failure to prosecute. The second referee declared a mistrial for reasons not apparent on the record on November 16, 1990. There were a number of continuances requested by the plaintiffs and opposed by the State. I conclude that the State's opposition to interest for the entire period is well taken. I feel a fair disposition is to allow interest from the date of taking to September 12, 1989 and from November 16, 1990 to date of payment.
Damages are reassessed at $37,000 for the severance, $7,000 CT Page 2284 for the temporary easement, $855 for the paving, and as there was no evidence offered as to the cost of safety barriers, the nominal sum of $100 for that item. I approve a fee for the appraiser in the amount of $3,000.
J. HEALEY, STATE TRIAL REFEREE